IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ABAB INC., an Oklahoma Corporation, )
AHMAD BAHREINI and SHAKIB NASSER, )
)
        Plaintiffs, )
)
v. ) Case No. CIV-13-1292-D
)
SCOTTSDALE INSURANCE COMPANY, )
an Ohio Corporation, )
)
        Defendant. )

## CERTIFICATION OF CONSTITUTIONAL QUESTION

Before the Court is Defendant's Notice [Doc. No. 10] requesting certification of the fact of a constitutional challenge to the Attorney General of the United States pursuant to 28 U.S.C. § 2403(a). In support, Defendant states that it "may – depending on the outcome of the litigation – draw into question in the above-entitled action the constitutionality of excessive punitive damages in violation of the Due Process Clause of the Fourteenth Amendment [to the United States Constitution]." *See* Notice.

This action arises under state law and federal subject matter jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff's claim for punitive damages is based on an alleged bad faith denial of an insurance claim, an independent tort under Oklahoma law. *See, e.g., McCorkle v. Great Atlantic Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981). The Court, therefore, construes Defendants Notice as brought pursuant to 28 U.S.C. § 2403(b) and requesting certification of a constitutional challenge to Okla. Stat. tit. 23, § 9.1 (governing punitive damages). The Court certifies to the Oklahoma Attorney General that the constitutionality of Okla. Stat. tit. 23, § 9.1 has been questioned by Defendant Scottsdale Insurance Company in this action. Pursuant to Rule 5.1(c)

of the Federal Rules of Civil Procedure, the Attorney General may intervene within 60 days after the filing of Defendant's Notice, or by May 12, 2014.[1]

The Clerk of Court shall send a copy of this Certification to the Oklahoma Attorney General either by certified mail or by transmission to an electronic address designated by the Oklahoma Attorney General for this purpose.

Dated this 19th day of March, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] The 60-day period ends on May 11, 2014, which is a Sunday. Therefore, the Oklahoma Attorney General is given until Monday, May 12, 2014, within which to intervene.